UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY RAY SEPEDA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:23-cv-03776 (UNA) |
| v. ) | |
| ) | |
| HSBC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiffs Jimmy Ray Sepeda and Hortencia Sepeda, have jointly filed a *pro se* complaint ("Compl."), ECF No. 1, and Hortencia Sepeda has filed an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application, and for the reasons explained below, this matter is dismissed without prejudice.

At the outset, the court notes that Jimmy Ray Sepeda has neither filed an IFP application for the court's review, nor alternatively submitted the filing fee applicable to civil actions in this court. *See* 28 U.S.C. §§ 1914, 1915. Without one or the other, Mr. Sepeda cannot proceed as a plaintiff in this case. *See id.*; *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *affd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) (per curiam).

In any event, this case cannot survive. First, plaintiffs, both residents of Elgin, Texas, sue HSBC Bank, and seven of its attorneys, but plaintiffs fail to provide addresses for any of the eight defendants, in contravention of D.C. LCvR 5.1(c), (g). *See generally* Compl. Moreover, as

pleaded, this case bears no connection to this District. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue). Here, none of the parties appear to reside in the District of Columbia, and none of the events allegedly giving rise to this case occurred in this District. To the contrary, no connection between this matter and this District can be gleaned from plaintiffs' submissions.

Second, plaintiffs bring this lawsuit for damages under the auspices of 42 U.S.C. §§ 1983, 1988, and 28 U.S.C. § 1343, vaguely alleging that defendants violated their civil rights arising from a foreclosure of their home equity loan that ultimately resulted in a July 2019 judicial foreclosure sale of their real property, authorized by a state court in Texas, based on plaintiffs' default on the loan. *See* Compl. at 1–13. Notably, for some years, plaintiffs have been engaged in litigation, in both state and federal Texas courts, against any party remotely involved in this foreclosure, though plaintiffs have not yet met success. *See, e.g., Sepeda v. HSBC Bank, USA et al.*, No. 19-cv-00285-LY (W.D. Tex. filed March 18, 2019), at Report & Recommendation (entered March 23, 2022) ("R&R") (chronicling plaintiffs' litigation history and recommending dismissing case for want of subject matter jurisdiction without prejudice under the *Rooker–Feldman* abstention doctrine), ECF No. 81; *id.* at Dismissal Order (entered April 26, 2022) ("DO") (adopting R&R and dismissing case without prejudice), ECF No. 89; *Sepeda v. HSBC et al.*, No. 23-cv-01402-RP (W.D. Tex. filed Nov. 15, 2023), at Order of Admin. Closure (entered Nov. 21,

2023) ("OAC") (dismissing case for the reasons iterated in *Sepeda*, No. 19-cv-00285-LY), ECF No. 3. In fact, due to the vexatiousness and frivolousness of their previous claims, plaintiffs are now barred from pursuing them in the Western District of Texas. *See* R&R at 12; DO at 4; OAC at 4.

In the instant matter, plaintiffs have once again waged substantially similar allegations, alleging that HSBC committed various acts of fraud that unfairly resulted in the foreclosure of their real property, and that HBSC and its attorneys conspired against plaintiffs to deprive them of that property, for which defendants are now required to compensate plaintiffs for such loss. *See* Compl. at 1–13. As already discussed by the Western District of Texas, plaintiffs' claims are barred by the *Rooker–Feldman* abstention doctrine, *see* R&R at 8–9, 12 n.9, which prohibits federal courts from reviewing determinations made by state or local courts, or from interfering in their proceedings, *see Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

The *Rooker–Feldman* abstention doctrine "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Feldman*, 460 U.S. at 486. Here, although plaintiffs broadly cite to the Fourth and Fifth Amendments, *see* Compl. at 8–9, it is of no consequence; despite plaintiffs' invocation of "the United States Constitution and other federal statutes to challenge the propriety of the judicial foreclosure on [their] property, [their] claims are [still] barred by the *Rooker–Feldman* doctrine." *Laverpool v. Taylor*, 229 F. Supp. 3d 5, 16 (D.D.C. 2017) ("Although Plaintiff styles his claims as arising under various federal statutes and constitutional protections, even a liberal reading of his Complaint makes clear that he seeks the

invalidation of the judicial foreclosure on his property [by alleging that the defendants] . . . conspired to abuse the judicial process in order to unlawfully deprive him of his property.") (citation and internal quotation marks omitted). Indeed, "[i]n similar cases where plaintiffs' particular claims have related to state-court judicial foreclosure proceedings, . . . other courts of this district have similarly concluded that the *Rooker–Feldman* doctrine barred such litigation." *Id.* at 18 (collecting cases).

In other words, even though plaintiffs now seek "damages for injuries [they] suffered as a result of the foreclosure[,]" and their complaint is not explicitly "styled as an appeal from the foreclosure action, it is clear from the [c]omplaint that [plaintiffs'] claim is based entirely on the alleged impropriety of the foreclosure[,]" and any newly framed allegations that defendants actions were "constitutionally defective" does not provide them with another bite at the apple in this court. *See Hunter v. U.S. Bank Ass'n*, 698 F. Supp. 2d 94, 99–100 (D.D.C. 2012) (quoting *Tremel v. Bierman & Geesing, L.L.C.*, 251 F. Supp. 2d 40, 45–46 (D.D.C. 2003)), *aff'd*, 407 Fed. Appx. 489 (D.C. Cir. 2011) (per curiam); *see also Tremel*, 251 F. Supp. 2d at 45–46 (holding that it was "readily apparent that [the] Court lack[ed] jurisdiction to entertain" the plaintiff's claims under the *Rooker–Feldman* abstention doctrine where the plaintiff claimed "that he [] suffered injuries as a direct result of the foreclosure proceedings."); *Lumpkins v. United States Gov't*, 82 F. Supp. 3d 145, 150 (D.D.C. 2015) (dismissing claims under the *Rooker–Feldman* abstention doctrine where the plaintiff alleged that a foreclosure "constitute[d] a violation of her rights," and that "defendants acted in concert to take away her primary residence[.]"), *aff'd*, No. 15–5093, 2015 WL 9002925 (D.C. Cir. Nov. 23, 2015) (per curiam); *Magritz v. Ozaukee Cnty.*, 894 F. Supp. 2d 34, 38–40 (D.D.C. 2012) (dismissing plaintiff's unlawful taking claim stemming from judicial foreclosure as barred by the *Rooker–Feldman* abstention doctrine); *Ananiev v. Freitas*, 37 F. Supp. 3d 297, 312

(D.D.C. 2014) (dismissing plaintiff's Fourth Amendment claims stemming from a judicial foreclosure, trustee's sale, and eviction as barred by the *Rooker–Feldman* abstention doctrine), *aff'd*, 587 Fed. Appx. 661 (D.C. Cir. 2014) (per curiam).

And, *assuming arguendo Rooker–Feldman* does not apply to all of plaintiffs' constitutional claims raised in this matter, *res judicata* would nonetheless prohibit plaintiffs from raising them because, as noted, plaintiffs have previously raised substantially similar claims, arising out of the same events, as to which a competent court, namely, the Western District of Texas "already has rendered a final, valid judgment on the merits of the same or similar causes of action." *See Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 169 (D.D.C. 2015) (dismissing, pursuant to the *Rooker-Feldman* abstention doctrine and *res judicata*, "a variety of claims brought by Plaintiffs arising from the foreclosure of their home[,]" following a state-court foreclosure and federal litigation regarding that foreclosure) (citing *Ananiev*, 37 F. Supp. 3d at 309) (same) (other citations omitted)).

Although plaintiffs' allegations have now been reworked under different legal authority, this alteration cannot undermine the existing determinations as to the underlying claims. *See Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1192 n.5 (D.C. Cir. 1983) (finding that courts shall not permit a "newly discovered injury" to cure a jurisdictional dismissal because such a rule would permit "frequent and unavoidable impairment of the finality of jurisdictional dismissals."); *id.* at 1193 n.7 (noting that the application of *res judicata* to a prior jurisdictional determination "is consistent with the court's "estimation of the appropriate trade-off between the prevention of harassing litigation and ease of judicial application."); *see also Hall v. Clinton*, 143 F. Supp. 2d 1, 5 (D.D.C. 2001) ("A judgment that subject matter jurisdiction is lacking constitutes *res judicata*

as to that jurisdictional issue.") (citing *GAF Corp. v. United States*, 818 F.2d 901, 912 n.72 (D.C. Cir. 1987)), *aff'd*, 285 F.3d 74 (D.C. Cir. 2002).

In sum, the previous judgments of the local Texas courts approving the foreclosure, and the judgments of the Western District of Texas reexamining the alleged circumstances surrounding that foreclosure, have "binding, preclusive effect here" and this court shall not reconsider those judgments on yet another occasion. *See Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emp. of Congr., Inc. v. Billington*, 802 F. Supp. 2d 65, 69–70 (D.D.C. 2011), *aff'd*, 737 F.3d 767 (D.C. Cir. 2013).

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: February 5, 2024                                   _____/s/_____
                                                          RUDOLPH CONTRERAS
                                                          United States District Judge